UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN NARDI,<br><br>            Plaintiff,<br><br>     v.<br><br>SAFARILAND, LLC, and<br>MACE SECURITY INTERNATIONAL,<br>INC.<br><br>            Defendants. | CIVIL ACTION NO.: 1:19-CV-11306-GAO |

## AMENDED COMPLAINT

1. The plaintiff Kevin Nardi resides in Middleboro, Plymouth County, Massachusetts.

2. The defendant Safariland, LLC is a Delaware limited liability company with a principal place of business at 13386 International Parkway, Jacksonville, FL 32218.

3. The defendant Mace Security International, Inc. is a foreign corporation with a principal place of business at 4400 Carnegie Avenue, Cleveland, Ohio 44103.

4. The defendant Safariland, LLC is a successor in interest to the former Federal Laboratories, Inc. and as a result of series of corporate transactions is responsible for the negligence and breach of warranty of its predecessor Federal Laboratories, Inc.

5. The defendant Mace Security International, Inc. is a successor in interest to the former Federal Laboratories, Inc. and as a result of a series of corporate transactions is responsible for negligence and breach of warranty of its predecessor Federal Laboratories, Inc.

6. At all times pertinent hereto, the predecessor of Federal Laboratories, Inc., was engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of tear gas launchers including the 1½ Tear Gas Launcher Model 201-Z, 37mm, which is the subject of this action.

7. On or about April 4, 2018, while participating in a SWAT team training exercise, the plaintiff Kevin Nardi sustained a severe injury to his left hand when the defendant's launcher blew up in his hand.

8. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over defendant pursuant to the Massachusetts long arm statute in that defendant and/or its predecessor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in Massachusetts.

**COUNT I (NEGLIGENCE VS. SAFARILAND, LLC)**

9. The plaintiff repeats Paragraphs 1-8 as if expressly set forth herein.

10. The injuries sustained by plaintiff Kevin Nardi were the direct and proximate result of the carelessness and negligence of the defendant's predecessor as follows:

    a. Defendant's predecessor negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed said launcher.

    b. Defendant's predecessor negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff and others users of said product of its dangerous and defective characteristics, and of the safe and proper method of using said product.

      c. Defendant's predecessor negligently failed to equip said launcher with adequate safety devices.

11. As a direct and proximate result of the negligence of defendant's predecessor as set forth herein, the plaintiff was caused to sustain severe and permanent injuries including an injury to his left hand. He has had extensive medical care and will require additional future care. He has lost time from work. His quality of life has been adversely affected. He does not enjoy life as he did prior to the occurrence.

WHEREFORE, plaintiff prays judgment against defendant, together with interest and costs.

## COUNT II (BREACH OF WARRANTY vs. SAFARILAND, LLC)

12. The plaintiff repeats Paragraphs 1-8 as if expressly set forth herein.

13. Defendant's predecessor expressly and impliedly warranted to plaintiff and to the general public that said product was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant and plaintiff sustained injury as the direct and proximate result of the breaches of warranties by defendant. Due notice has been given defendant of its breaches of warranty.

14. As a direct and proximate result of the breach of warranty of defendant's predecessor as set forth herein, the plaintiff was caused to sustain severe and permanent injuries including an injury to his left hand. He has had extensive medical care and will require additional future care. He has lost time from work. His quality of life has been adversely affected. He does not enjoy life as he did prior to the occurrence.

WHEREFORE, plaintiff prays judgment against defendant, together with interest and

costs.

**COUNT III (NEGLIGENCE VS. MACE SECURITY INTERNATIONAL, INC.)**

15. The plaintiff repeats Paragraphs 1-8 as if expressly set forth herein.

16. The injuries sustained by plaintiff Kevin Nardi were the direct and proximate result of the carelessness and negligence of the defendant's predecessor as follows:

    a. Defendant's predecessor negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed said launcher.

    b. Defendant's predecessor negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff and others users of said product of its dangerous and defective characteristics, and of the safe and proper method of using said product.

    c. Defendant's predecessor negligently failed to equip said launcher with adequate safety devices.

17. As a direct and proximate result of the negligence of defendant's predecessor as set forth herein, the plaintiff was caused to sustain severe and permanent injuries including an injury to his left hand.  He has had extensive medical care and will require additional future care.  He has lost time from work.  His quality of life has been adversely affected.  He does not enjoy life as he did prior to the occurrence.

    WHEREFORE, plaintiff prays judgment against defendant, together with interest and costs.

**COUNT IV (BREACH OF WARRANTY vs. MACE SECURITY INTERNATIONAL, INC.)**

18. The plaintiff repeats Paragraphs 1-8 as if expressly set forth herein.

19. Defendant's predecessor expressly and impliedly warranted to plaintiff and to the general public that said product was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes.  Plaintiff relied on the warranties made by defendant and plaintiff sustained injury as the direct and proximate result of the breaches of warranties by defendant.  Due notice has been given defendant of its breaches of warranty.

20. As a direct and proximate result of the breach of warranty of defendant's predecessor as set forth herein, the plaintiff was caused to sustain severe and permanent injuries including an injury to his left hand.  He has had extensive medical care and will require additional future care.  He has lost time from work.  His quality of life has been adversely affected.  He does not enjoy life as he did prior to the occurrence.

WHEREFORE, plaintiff prays judgment against defendant, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

> The Plaintiff,
> By His Attorneys,
>
> */s/ Alan L. Cantor*
> James A. Swartz
> BBO #556920
> Alan L. Cantor
> BBO#072360
> Swartz & Swartz, PC
> 10 Marshall Street
> Boston, MA 02108
> (617) 742-1900

Dated: October 1, 2019